**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
CASE NO.:

JOSE ARRIAZA,

    Plaintiff,

vs.

AAA TRANSMISSION & MGMT, INC.,
A Florida Profit Corporation, and
ALFONSO LOPEZ, individually,

    Defendants.
_____/

## COMPLAINT

Plaintiff JOSE ARRIAZA (hereinafter "Plaintiff") by and through his undersigned attorney hereby sues Defendants AAA TRANSMISSION & MGMT, INC., a Florida Profit Corporation (hereinafter, "AAA TRANSMISSION") and ALFONSO LOPEZ, individually (hereinafter "LOPEZ") (collectively "Defendants") and states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages and other relief for unpaid overtime committed by Defendants pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Venue is proper in the United States Court for the Southern District of Florida because Plaintiff was employed in the Southern District of Florida by Defendants, which at all material times conducted, and continues to conduct, business in the Southern District of Florida, and because the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida and because Defendants are subject to personal jurisdiction there.

## **PARTIES**

4. Plaintiff at all times pertinent to this complaint resided within the Southern District of Florida. Plaintiff is over the age of eighteen and otherwise sui juris.

5. During all times relevant to this Complaint, Plaintiff was employed by Defendants as a mechanic. Plaintiff was therefore an employee as defined by 29 U.S.C. § 203(e).

6. Defendant AAA TRANSMISSION had, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

7. Defendant AAA TRANSMISSION is an "employer" as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

8. Specifically, Defendant AAA TRANSMISSION is in the vehicle repair business and works with vehicle parts, vehicle repair tools, and automotive shop machinery.

9. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while he worked for Defendants that Plaintiff is covered under the FLSA through individual coverage, as Plaintiff regularly and recurrently used the instrumentalities of interstate commerce.

10. At all times material to this Complaint, AAA TRANSMISSION has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce which as employees subject to the provisions of the FLSA, 29 U.S.C. § 207.

11. Defendant AAA TRANSMISSION, upon knowledge and belief, has had gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

12. Defendant LOPEZ is a corporate officer of and/or owner and or manager, and exercised operational control over the activities of, corporate Defendant, AAA TRANSMISSION.

13. Defendant LOPEZ acted directly in the interest of his company, AAA TRANSMISSION. Upon all available information, LOPEZ controlled the manner in which Plaintiff performed his work and the pay he was to receive.

14. All defendants were "employers" of Plaintiff as the term is defined under 29 U.S.C. § 203(d).

15. All other conditions precedent to this action have been performed or have been waived.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

16. Plaintiff is a non-exempt employee of Defendants and is subject to the payroll practices and procedures set forth hereinafter, and who worked in excess of forty (40) hours during one of more workweeks within three (3) years of the filing of this complaint.

17. Specifically, Plaintiff performed work for Defendants as a mechanic from 2007 until on or about January 8, 2021.

18. At all times pertinent to this action, Defendants failed to comply with 29 U.S.C. §§ 201 – 219 in that Plaintiff performed services for Defendants for which no provision was made to properly pay for those hours worked over forty (40) in a given workweek.

19. Based on the information currently available to Plaintiff, Plaintiff was paid a salary of $700.00 per week. The Defendants established a weekly pay period, such that employees were supposed to get paid once a week for the seven (7) day period ending the immediately preceding.

20. Plaintiff, routinely worked an average of more than 50 hours per week during the period of time covered by this Complaint. Specifically, the Plaintiff worked on average 10-hour days, five (5) days a week.

21. Despite the fact that Plaintiff worked over 40 hours in a workweek, he was not paid overtime by Defendants. Specifically, Defendants failed to compensate Plaintiff at a rate no less than one and one and half times his regular rate for all hours worked in excess of forty (40) hours.

22. At all times pertinent to this action, Defendants failed to comply with 29 U.S.C. §§ 201 – 219 in that Plaintiff performed services for Defendants for which no provision was made to properly pay for those hours worked over forty (40) in a given workweek.

23. The Defendants and their representatives knew that Plaintiff was working overtime, and that Federal law requires employees to be compensated at time and one-half per hour for overtime pay.

24. The Defendants maintained complete control over the hours Plaintiff worked and the pay he was to receive.

25. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

26. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

27. Plaintiff has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay it a reasonable fee for its services.

28. Plaintiff is entitled to his reasonable attorneys' fees and costs if he is the prevailing party in this action.

## COUNT I
## VIOLATION OF FLSA/OVERTIME
## against AAA TRANSMISSION

29. Plaintiff, re-alleges and reaffirms paragraphs 1 through 28 as if fully set forth herein.

30. This action is brought by Plaintiff to recover from Defendant AAA TRANSMISSION unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, 29 U.S.C. § 207, and § 448.01 Fla. Stat. *et seq.*  29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

31. Since the commencement of Plaintiff's employment AAA TRANSMISSION has willfully violated the provisions of § 7 of the FLSA [29 U.S.C. § 207] by employing employees engaged in commerce for workweeks longer than forty (40) hours without compensating them for all hours worked in excess of forty (40) hours at a rate not less than one and one half times his regular rate.

32. Specifically, throughout his employment Plaintiff regularly worked over fifty (50) hours during each workweek in which he was employed.

33. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

34. AAA TRANSMISSION is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and

5

3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). AAA TRANSMISSION's business activities involve those to which the Fair Labor Standards Act applies.

35. The Plaintiff was a mechanic and was at all relevant times, covered by the FLSA.

36. Plaintiff was not exempted from the overtime provision of the Act pursuant to the provisions of the Act, 29 U.S.C. § 213(a), in that he was neither a bona fide executive, administrative, or professional employee. Plaintiff performed manual labor tasks and did not have decision-making authority.

37. AAA TRANSMISSION has knowingly and willfully failed to pay Plaintiff at time and one half of his regular rate of pay for all hours worked in excess of forty (40) per week between the relevant time period.

38. By reason of the said intentional, willful and unlawful acts of AAA TRANSMISSION, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

39. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

40. AAA TRANSMISSION never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

41. As a result of AAA TRANSMISSION's willful violations of the Act, Plaintiff is entitled to liquidated damages.

42. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from AAA TRANSMISSION.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant AAA TRANSMISSION:

    A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

    C. Award Plaintiff an equal amount in double damages/liquidated damages; and

    D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

    E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
## VIOLATION OF FLSA/OVERTIME
## against LOPEZ

43. Plaintiff re-alleges and reaffirms paragraphs 1 through 28 as fully set forth herein.

44. At the times mentioned, Defendant ALFONSO IV. LOPEZ was, and is now, a corporate officer and/or manager of corporate Defendant, AAA TRANSMISSION.

45. LOPEZ was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that ALFONSO IV. LOPEZ acted directly in the interests of Defendant AAA TRANSMISSION in relation to their employees including Plaintiff.

46. Specifically, LOPEZ supervised Plaintiff, determined company payroll decisions, and maintained the right to hire and fire Plaintiff during all pertinent times hereto.

47. LOPEZ had operational control of the business and is thus jointly liable for Plaintiff's damages.

48. Defendant LOPEZ willfully and intentionally refused to properly pay Plaintiff overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these

wages since the commencement of Plaintiff's employment with Defendant as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant LOPEZ:

A.  Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B.  Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

D.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, JOSE ARRIAZA demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: January 20, 2021

**PEREGONZA THE ATTORNEYS, PLLC**

1414 NW 107th Ave,
Suite 302
Doral, FL 33172
Tel. (786) 650-0202
Fax. (786) 650-0200

By: /s/Nathaly Saavedra
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com

By: /s/Juan J. Perez
Juan J. Perez, Esq.
Fla. Bar No. 115784
Email: juan@peregonza.com